UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Doris T. Gottier,
        Claimant

        v.                                    Case No. 15-cv-355-SM
                                              Opinion No. 2016 DNH 161
Carolyn W. Colvin,
Acting Commissioner,
Social Security Administration,
        Defendant

**O R D E R**

Pursuant to 42 U.S.C. § 405(g) and 1383(c)(3), claimant, Doris T. Gottier, moves to reverse the Acting Commissioner's decision denying her application for Disability Insurance Benefits under Title II of the Social Security Act (the "Act"), 42 U.S.C. § 423.  The Acting Commissioner objects and moves for an order affirming her decision.

For the reasons discussed below, claimant's motion is denied, and the Acting Commissioner's motion is granted.

**Factual Background**

I.   Procedural History.

In 2012, Gottier filed an application for Disability Insurance Benefits, alleging that she had been unable to work since August 20, 2012, due to neck strain, anxiety, a history of

1

cervical spine fusion, asthma, high blood pressure, degeneration
of the discs of her cervical spine, acid reflux, nerve damage,
high cholesterol, muscle spasms, arthritis, a fractured disc in
her back, leg pain and depression.  Administrative Record
("Admin. Rec.") at 73, 63, 151.  That application was denied
(Admin. Rec. at 73), and claimant requested a hearing before an
Administrative Law Judge ("ALJ") (Admin. Rec. at 78-79).

On January 27, 2014, Gottier, her attorney, and a
vocational expert appeared before an ALJ, who considered
claimant's application de novo.  Admin. Rec. at 40-62.  On March
24, 2014, the ALJ issued his written decision, concluding that
Gottier was not disabled, as that term is defined in the Act, at
any time prior to the date of his decision.  Id. at 23-33.

Gottier then sought review of the ALJ's decision by the
Appeals Council.  Admin. Rec. at 18-19.  By notice dated July
15, 2015, the Appeals Council denied Gottier's request for
review.  Admin. Rec. at 1-6.  Accordingly, the ALJ's denial of
Gottier's application for benefits became the final decision of
the Acting Commissioner, subject to judicial review.  Id. at 1.

Subsequently, Gottier filed a timely action in this court,
asserting that the ALJ's decision is not supported by
substantial evidence.  Gottier then filed a "Motion for Order

2

Reversing Decision of the Commissioner" (document no. 8).  In response, the Acting Commissioner filed a "Motion for Order Affirming the Decision of the Commissioner" (document no. 11). Those motions are pending.

II.  <u>Stipulated Facts</u>.

Pursuant to this court's Local Rule 9.1, the parties have submitted a statement of stipulated facts which, because it is part of the court's record (document no. 11), need not be recounted in this opinion.  Those facts relevant to the disposition of this matter are discussed as appropriate.

**Standard of Review**

I.    "<u>Substantial Evidence" and Deferential Review</u>.

Pursuant to 42 U.S.C. § 405(g), the court is empowered "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  Factual findings and credibility determinations made by the Commissioner are conclusive if supported by substantial evidence.  <u>See</u> 42 U.S.C. §§ 405(g), 1383(c)(3).  <u>See also</u> <u>Irlanda Ortiz v. Secretary of Health & Human Services</u>, 955 F.2d 765, 769 (1st Cir. 1991).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  <u>Consolidated</u>

3

Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).  It is something

less than a preponderance of the evidence, so the possibility of

drawing two inconsistent conclusions from the evidence does not

prevent an administrative agency's finding from being supported

by substantial evidence.  Consolo v. Federal Maritime Comm'n.,

383 U.S. 607, 620 (1966).  See also Richardson v. Perales, 402

U.S. 389, 401 (1971).

    This court's review of the ALJ's decision is, therefore,

both limited and deferential.  The court is not empowered to

consider claimant's application de novo, nor may it undertake an

independent assessment of whether she is disabled under the Act.

Rather, the court's inquiry is "limited to determining whether

the ALJ deployed the proper legal standards and found facts upon

the proper quantum of evidence." Nguyen v. Chater, 172 F.3d 31,

35 (1st Cir. 1999).  Provided the ALJ's findings are properly

supported by substantial evidence, the court must sustain those

findings even when there may also be substantial evidence

supporting the contrary position.  Such is the nature of

judicial review of disability benefit determinations.  See,

e.g., Tsarelka v. Secretary of Health & Human Services, 842 F.2d

529, 535 (1st Cir. 1988); Rodriguez v. Secretary of Health &

Human Services, 647 F.2d 218, 222 (1st Cir. 1981).

II.   <u>The Parties' Respective Burdens</u>.

An individual seeking SSI benefits is disabled under the Act if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A). The Act places a heavy initial burden on the claimant to establish the existence of a disabling impairment.  <u>See</u> <u>Bowen v. Yuckert</u>, 482 U.S. 137, 146-47 (1987); <u>Santiago v. Secretary of Health & Human Services</u>, 944 F.2d 1, 5 (1st Cir. 1991).  To satisfy that burden, the claimant must prove, by a preponderance of the evidence, that her impairment prevents her from performing her former type of work.  <u>See</u> <u>Gray v. Heckler</u>, 760 F.2d 369, 371 (1st Cir. 1985); <u>Paone v. Schweiker</u>, 530 F. Supp. 808, 810-11 (D. Mass. 1982).  If the claimant demonstrates an inability to perform her previous work, the burden shifts to the Commissioner to show that there are other jobs in the national economy that she can perform, in light of her age, education, and prior work experience.  <u>See</u> <u>Vazquez v. Secretary of Health & Human Services</u>, 683 F.2d 1, 2 (1st Cir. 1982).  <u>See also</u> 20 C.F.R. §§ 404.1512(f) and 416.912(f).

In assessing a disability claim, the Commissioner considers both objective and subjective factors, including: (1) objective medical facts; (2) the claimant's subjective claims of pain and disability, as supported by the testimony of the claimant or other witnesses; and (3) the claimant's educational background, age, and work experience.  See, e.g., Avery v. Secretary of Health & Human Services, 797 F.2d 19, 23 (1st Cir. 1986); Goodermote v. Secretary of Health & Human Services, 690 F.2d 5, 6 (1st Cir. 1982).  Ultimately, a claimant is disabled only if her:

> physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A).

With those principles in mind, the court reviews claimant's motion to reverse and the Acting Commissioner's motion to affirm her decision.

### Background - The ALJ's Findings

In concluding that Gottier was not disabled within the meaning of the Act, the ALJ employed the mandatory five-step

sequential evaluation process described in 20 C.F.R. § 404.1520.
See generally Barnhart v. Thomas, 540 U.S. 20, 24 (2003).
Accordingly, he first determined that Gottier had not been
engaged in substantial gainful employment since her alleged
onset of disability: August 20, 2012.  Admin. Rec. at 25.  Next,
he concluded that Gottier suffers from the following severe
impairment: "degenerative disc disease of the cervical spine
status post fusion."  Id.  The ALJ considered Gottier's
additional impairments, asthma, diabetes mellitus and lower back
and leg pain, id. at 26, but determined that these impairments
had been effectively controlled through medication and other
treatments and were nonsevere.  Id.  The ALJ also considered
Gottier's mental impairment, major depressive disorder, but
determined that it "does not cause more than minimal limitation
in the claimant's ability to perform basic mental work
activities, and is therefore nonsevere."  Id. at 27.  The ALJ
then determined that Gottier's impairments, regardless of
whether they were considered alone or in combination, did not
meet or medically equal one of the impairments listed in Part
404, Subpart P, Appendix 1.  Id.

Next, the ALJ concluded that Gottier retained the residual
functional capacity ("RFC") to perform the exertional demands of
light work, as defined in 20 CFR 404.1567(b), "allowing for

lifting 20 pounds occasionally and 10 pounds frequently; standing, sitting and walking about six hours in an eight-hour workday."[11]  Admin. Rec. at 28.  He further noted that claimant can occasionally climb "ramps, stairs, ladders, ropes and scaffolds," and balance, stoop, kneel, crouch and crawl.  Id.

In light of those restrictions, and relying on the testimony of the vocational expert, the ALJ concluded that claimant was capable of performing her past relevant work as a cashier.  Id. at 33.  The ALJ then concluded that claimant was not "disabled," as that term is defined in the Act, through the date of his decision.

---

[11]  "RFC is what an individual can still do despite his or her functional limitations.  RFC is an administrative assessment of the extent to which an individual's medically determinable impairments, including any related symptoms, such as pain, may cause physical or mental limitations or restrictions that may affect his or her capacity to do work-related physical and mental activities.  Ordinarily, RFC is the individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis, and the RFC assessment must include a discussion of the individual's abilities on that basis."  Social Security Ruling ("SSR"), 96-8p, Policy Interpretation Ruling Titles II and XVI: Assessing Residual Functional Capacity in Initial Claims, 1996 WL 374184 at *2 (July 2, 1996) (citation omitted).

**Discussion**

Claimant challenges the ALJ's decision.  She argues that
the ALJ erred in determining that her asthma and degenerative
disc disease are non-severe, and by failing to properly weigh
the medical opinions in the record.  She further argues that the
ALJ failed to properly assess her credibility as required by
Social Security Ruling 96-7p and Avery v. Secretary of Health
and Human Services, 797 F.2d 19 (1st Cir. 1986).  Claimant's
credibility argument is persuasive, and dispositive.
Accordingly, the court need not address claimant's two remaining
arguments.

"It is the responsibility of the Secretary to determine
issues of credibility and to draw inferences from the record
evidence."  Ortiz, 955 F.2d at 769.  The "credibility
determination by the ALJ, who observed the claimant, evaluated
his demeanor, and considered how that testimony fit in with the
rest of the evidence, is entitled to deference, especially when
supported by specific findings."  Frustaglia v. Sec'y of Health
& Human Servs., 829 F.2d 192, 195 (1st Cir. 1987) (citing DaRosa
v. Sec'y of Health and Human Services, 803 F.2d 24, 26 (1st Cir.
1986)).

Social Security Ruling 96-7p[1] sets out a multi-step inquiry an ALJ must follow when assessing a claimant's complaints of pain.  First, the ALJ must find that the claimant's impairments, "i.e., an impairment(s) that can be shown by medically acceptable clinical or laboratory diagnostic techniques," could "reasonably be expected to produce the individual's pain or other symptoms."  Titles II & XVI: Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements, SSR 96-7P (S.S.A. July 2, 1996), 1996 WL 374186, at *2.  If not, "the symptoms cannot be found to affect the individual's ability to do basic work activities."  Id.  However, once an impairment that could reasonably be expected to produce the individual's symptoms has been shown, the ALJ must determine whether the claimant's statements about his symptoms are substantiated by objective medical evidence, and, if not, the ALJ must "make a finding on credibility of the individual's statements based on a consideration of the entire case record."  Id.  Thus, "SSR 96-7p outlines a specific staged inquiry that consists of the following questions, in the following order: (1) does the claimant have an underlying impairment that could produce his or her symptoms?; (2) if so, are the claimant's

---

[1]     In March of 2016, Social Security Ruling 96-7p was rescinded, and replaced by Social Security Ruling 16-3P. However, in March of 2013, the time of the ALJ's decision, Social Security Ruling 96-7p was applicable.

statements about his or her symptoms substantiated by objective medical evidence?; and (3) if not, are the claimant's statements about those symptoms credible?" <u>Guziewicz v. Astrue</u>, No. 10-CV-310-SM, 2011 WL 128957, at *5 (D.N.H. Jan. 14, 2011).

20 CFR §§ 404.1529(c) and 416.929(c) describe the kinds of evidence, including the factors below, that the adjudicator must consider in addition to the objective medical evidence when assessing the credibility of an individual's statements:

1. The individual's daily activities;

2. The location, duration, frequency, and intensity of the individual's pain or other symptoms;

3. Factors that precipitate and aggravate the symptoms;

4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms;

5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms;

6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and

7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

<u>See</u> <u>Varney v. Astrue</u>, No. 10-CV-369-PB, 2011 WL 1885185, at *6 (D.N.H. Apr. 26, 2011), <u>rept. and rec. adopted sub nom.</u> <u>Varney</u>

v. U.S. Soc. Sec. Admin., Comm'r, No. 10-CV-369-PB, 2011 WL
1898304 (D.N.H. May 18, 2011).

"[A]n ALJ's determination or decision must contain specific
reasons for the finding on credibility, supported by the
evidence in the case record, and must be sufficiently specific
to make clear to the individual and to any subsequent reviewers
the weight the adjudicator gave to the individual's statements
and the reasons for that weight." Weaver v. Astrue, No. 10-CV-
340-SM, 2011 WL 2580766, at *6 (D.N.H. May 25, 2011), rept. and
rec. adopted sub nom. Weaver v. U.S. Soc. Sec. Admin., Comm'r,
2011 WL 2579776 (D.N.H. June 27, 2011) (internal quotations
omitted) (emphasis in original).  "'An ALJ is free to disbelieve
a claimant's subjective testimony; however, he or she must make
specific findings as to the relevant evidence he considered in
determining to disbelieve the claimant,' i.e., by identifying
'what testimony is not credible and what evidence undermines the
claimant's complaints.'" Waters v. Colvin, No. 13-CV-45-JL,
2014 WL 898639, at *2 (D.N.H. Mar. 7, 2014) (quoting Kalloch v.
Astrue, No. 11-cv-522, 2012 WL 4930986, at *6 (D.N.H. Sept. 18,
2012), rept. & rec. adopted, 2012 WL 4930983 (D.N.H. Oct. 15,
2012)) (internal brackets removed).

At the hearing, Gottier testified that she suffers from
neck pain that reaches "down into [her] shoulders and down [her]

12

whole arm," causing her to lose "feeling in [her] fingers."
Admin. Rec. at 43; see also Admin. Rec. at 48.  She further
testified to back pain and severe headaches caused by bending
her head down.  Id. at 43.  As a result of these symptoms,
Gottier testified that she cannot stand or sit for extended
periods of time, has trouble walking and using stairs, and
cannot bend her head down.  Id. at 43-44, 48.  Finally, Gottier
testified that, as a result of her asthma and COPD, she
frequently falls ill when she is "around people."  Id. at 50.
According to Gottier, as a result of all these symptoms, she is
unable to work.  Id. at 43, 47-50.  And, according to a
hypothetical posed by the ALJ to the testifying vocational
expert, if the ALJ determined that Gottier's statements
concerning her symptoms were credible, it is unlikely she could
have performed any of her prior work.  See Admin. Rec. at 60-61.

     Concerning Gottier's credibility, the ALJ states as
follows:

          A trier of fact is required to determine a
     witness's credibility in consideration of all the
     circumstances, including the extent to which testimony
     is contradicted or corroborated by other evidence, and
     any other circumstances that tend to shed light upon
     credibility.  Additionally, the claimant's financial
     interest in the outcome and the evidentiary
     inconsistencies detract from reliance on the
     claimant's testimony.  These facts in the record do
     not dispute that the claimant has a condition that
     causes some difficulties.  What this evidence suggests

13

is that the claimant's symptoms may not be accurately reported, may not exist at the level of severity assumed by the claimant's testimony at hearing and may have other mitigating factors against their negative impact on the claimant's ability to engage in work activity.

Due consideration has been given to the claimant's statements about the above conditions (See SSR 96-7p). However, no symptom or combination of symptoms can be the basis for a finding of disability, no matter how genuine the individual's complaints may appear to be, unless there are medical signs and laboratory findings demonstrating the existence of a medically determinable physical or mental impairment(s) that could reasonably be expected to produce the symptoms. (Id.) The Regulations provide that an individual's statement as to pain or other symptoms is not sufficient to establish the existence of a physical or mental health impairment or that an individual is disabled. (Id.) There must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain and symptoms alleg3ed (42 U.S.C. § 423(d)(1)[)]. The objective medical evidence in this claim falls short of demonstrating the existence of pain and limitations that are so severe that the claimant cannot perform any work on a regular and continuing basis. The claimant testified to an extremely limited range of functional abilities. However, the objective medical evidence of record does not fully support those allegations. Therefore, because the claimant has failed to establish a correlation between her allegations and the medical evidence, I find the claimant's symptoms not credible to the extent alleged.

Admin. Rec. at 30 (citing to 20 CFR § 404.1529(c)(3) and Social

Security Ruling 96-7p). The ALJ then went on to discuss the

objective medical evidence at length.

The ALJ's credibility assessment is problematic for several reasons.  First, it is not clear from the ALJ's decision what he concluded with respect to SSR 96-7p's first question: Whether Gottier suffered from an impairment reasonably likely to cause her symptoms?  Both Gottier and the Acting Commissioner argue that the ALJ presumably determined that Gottier's impairments could reasonably be expected to cause her symptoms, since he went on to discuss the objective medical evidence and Gottier's credibility.  However, in a decision cited by the Acting Commissioner, Newton v. Astrue, No. 10-cv-585-SM, 2012 WL 1231941, at *7-8 (D.N.H. Mar. 16, 2012), the court found that nearly identical language suggested that the ALJ in that case had determined claimant did not, in fact, suffer from such an impairment.[2]  This matters because, if the ALJ did, in fact, determine that Gottier does not suffer from an impairment that could reasonably be expected to cause her symptoms, then no further assessment was required.  However, if, as both parties' argue, the ALJ determined that Gottier suffers from an

---

[2]    In Newton, the ALJ concluded his credibility discussion by stating, "because the claimant has failed to establish a correlation between his allegations and the objective medical evidence, I find the claimant partially credible, but not to the extent alleged."  2012 WL 1231941, at *7.  Construing this language, the court stated: "while it is not entirely clear, the ALJ appears to have determined that Newton did not have an impairment that 'could reasonably be expected to produce the pain or other symptoms alleged.'"  Id. at 8.

impairment that could reasonably be expected to cause her symptoms, the ALJ's subsequent credibility assessment falls short of complying with SSR 96-7p's requirements.

"To perform a proper discussion and analysis, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." Anderson v. Colvin, No. 14-CV-15-LM, 2014 WL 5605124, at *7 (D.N.H. Nov. 4, 2014) (internal quotations and citations omitted).  Rather than undertaking this task, however, the ALJ seemingly focused on the claimant's credibility generally, and discussed the objective medical evidence generally.[3]  After reporting Gottier's statements concerning her symptoms, the ALJ provided no analysis or discussion that links the objective medical evidence to any of Gottier's statements concerning her symptoms.  Nor did the ALJ provide any explanation as to why he found the objective medical evidence inconsistent with any of Gottier's statements. As a result, the court cannot determine which of Gottier's

---

[3]     The Acting Commissioner admits "the way the ALJ went about the credibility determination is confusing.  It began with some boilerplate statements (Admin. Rec. at 29-30) that do not meet SSR 96-7p's admonition that the credibility 'determination or decision must contain specific reasons for the finding on credibility supported by the evidence in the case record.'" Def.'s Mem. in Supp. of Mot. to Affirm at p. 16.  The Acting Commissioner argues that the credibility determination can still stand because it is adequately supported without those reasons. But, for the reasons discussed herein, the determination is not adequately supported.

statements concerning her symptoms the ALJ found were not substantiated by the objective medical evidence, and cannot conclude that the ALJ's determination is adequately supported. See Guziewicz, 2011 WL 128957, at *6 ("The ALJ's decision does describe some of the objective medical evidence, but not in a discussion that compares the medical evidence to [claimant]'s symptoms.  Absent any meaningful comparative evaluation of the objective medical evidence and [claimant's] allegations of disabling pain, the ALJ's decision does not contain an adequate determination that [claimant's] symptoms were not substantiated by objective medical evidence.")

Moreover, the ALJ seemingly ended his credibility analysis following his consideration of the objective medical evidence. This is problematic because, "according to SSR 96-7p, the lack of objective medical substantiation is what triggers the need for an ALJ to conduct a credibility finding, not evidence that weighs against a claimant's credibility."  Varney, 2011 WL 1885185, at *7; see also Guziewicz, 2011 WL 128957, at *6 ("If, indeed, the ALJ used the lack of objective medical evidence as his basis for finding [claimant] to be not entirely credible, rather than treating such a finding as compelling him to conduct a credibility assessment, that constitutes legal error on the ALJ's part.").

The Acting Commissioner concedes that "the ALJ appears to have terminated the credibility discussion after the paragraph dealing with the objective evidence."  Def.'s Mem. in Supp. of Mot. to Affirm at p. 17.  However, the Acting Commissioner urges that the ALJ's decision should be read as a whole, and points out that, in different parts of the ALJ's decision, he "provided at least two more reasons" that indicated why he was unable to accept Gottier's allegations of disabling pain: the improvement of her pain with medication (Admin. Rec. at 31) and the fact that she appeared to be in no distress (Admin. Rec. at 32). Def.'s Mem. in Supp. of Mot. to Affirm at p. 17.  But, "those passing references are not part of any discussion that assesses the credibility of [claimant's] statements about the limiting effects of his pain." Weaver, 2011 WL 2580766, at *8.  It is not sufficiently clear from the decision that the ALJ considered the requisite factors.  While the ALJ need not "slavishly discuss each of the factors listed in SSR 96–7p, more analysis is required than is provided in this case." Ingle v. Astrue, No. 10-CV-103-SM, 2010 WL 5070766, at *6 (D.N.H. Nov. 8, 2010), rept. & rec. adopted, No. 10-CV-103-SM, 2010 WL 5067443 (D.N.H. Dec. 7, 2010) (citing Crocker v. Astrue, No. 07-220-P-S, 2008 WL 2775980, at *4 (D. Me. June 30, 2008)).

The ALJ did provide a detailed review of Gottier's activities of daily living in the context of his step-two determination, and again when summarizing her Function Report. However, missing from both discussions is any explanation as to why the ALJ found such activities might make Gottier's statements concerning her pain less credible.  To the extent the ALJ did determine that these ADLs were inconsistent with Gottier's allegations regarding her symptoms, he ought to have so explained in his order.

Finally, the ALJ seemingly discounted Gottier's credibility based in part on her financial interest in the outcome of the disability determination.  But, Gottier's financial interest in the outcome is no different than that of any other claimant applying for benefits, and is of course inseparable from the process – indeed it is the very point of the application process.  Such an interest does not constitute a valid reason to find Gottier's testimony not credible.  See Corsi v. Astrue, No. CV-12-2243-SP, 2013 WL 140223, at *4 (C.D. Cal. Jan. 9, 2013) ("Multiple courts have recognized the obvious, namely, that every claimant who applies for disability benefits does so with the intent of pecuniary gain, as that is the purpose of applying for disability benefits, and therefore such interest in not a

valid basis to discount a claimant's credibility.") (collecting cases).

For these reasons, the ALJ's credibility assessment fails to address Gottier's allegations concerning her symptoms within the framework established by SSR 96-7p, and requires remand for clarification.

## Conclusion

For the foregoing reasons, as well as those set forth in claimant's memorandum, claimant's motion to reverse the decision of the Commissioner (document no. 8) is granted to the extent that the Commissioner's decision is reversed and the case is remanded for further administrative proceedings.  The Acting Commissioner's motion to affirm her decision (document no. 11) is denied.

The Clerk of the Court shall enter judgment in accordance with this order and close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

September 12, 2016

cc:  Elizabeth R. Jones, Esq.
     Michael T. McCormack, Esq.